UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MATT BANKS (#116002)

VERSUS                                    CIVIL ACTION

N. BURL CAIN, ET AL                       NUMBER 13-144-JJB-SCR


### RULING ON MOTION FOR PRELIMINARY INJUNCTION

Before the court is the plaintiff's Motion for Preliminary Injunction.  Record document number 23.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Legal Programs Director Trish Foster, Dr. Jason Collion[1] and Dr. Lavespere.  Plaintiff alleged that unidentified camp supervisors lost his property, Foster did not present and file his administrative grievances in proper fashion and Drs. Collion and Levespere gave him the wrong medication and did not give him adequate medical assistance while in their care.

Plaintiff also filed a motion for preliminary injunction seeking treatment by a different doctor.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits;

---

[1] Identified as Dr. Collins in the plaintiff's motion for preliminary injunction.

(2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction. Accordingly, the plaintiff's request for a preliminary injunction is denied.

Baton Rouge, Louisiana, October 24, 2013.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE